EDWARD T. KLINE et al., Appellants, v. SALVATORE A. PANE, Respondent, et al., Defendants.— Plaintiffs-appellants appeal from a judgment of the Columbia County Court, entered October 22, 1954, which rescinded and cancelled of record two mortgages. Plaintiffs brought the action to foreclose two mortgages, one given on May 25, 1951, by Salvatore A. Pane and Louise L. Pane, his wife, to plaintiffs in the amount of $1,618, and another mortgage given by Salvatore A. Pane to plaintiffs on December 27, 1952, covering the same premises, in the amount of $750. At the time of the execution of the first of the above mortgages Salvatore A. Pane and Louise L. Pane owned the mortgaged property as tenants by the entirety. Prior to the execution of the second mortgage Louise L. Pane had conveyed her interest in the property to Salvatore A. Pane. The execution and nonpayment of the mortgages is admitted. The defendant Louise L. Pane did not answer the complaint in the foreclosure action and did not testify at the trial. The defendant Salvatore A. Pane set up a counterclaim alleging, in substance, that he was fraudulently induced to execute the mortgages by false representations made by Edward T. Kline that he had loaned money to Mrs. Pane, and that she was indebted to him in the amounts of the mortgages, when, in fact, the money given by Kline to Mrs. Pane constituted gifts instead of loans, and asking that the mortgages be rescinded. At the close of the evidence a motion to dismiss the counterclaim was denied, and the matter was submitted to the jury for a general verdict. A verdict was returned in favor of defendant-respondent, upon which judgment was entered. The judgment is clearly erroneous insofar as it rescinds and orders cancelled the mortgage as a lien upon the interest of Louise L. Pane in the property. At the time of the execution of the first mortgage by Louise L. Pane she was the owner of an interest in the property. She has defaulted in pleading and her liability upon this mortgage stands admitted. She has asserted nothing by way of defense, and the plaintiffs were entitled to a judgment, as of course, against her interest in the property on the first cause of action. The evidence presented is insufficient to sustain the counterclaim of fraud, and the motion to dismiss the counterclaim, made at the close of the evidence, should have been granted. The plaintiffs' evidence is that Edward T. Kline advanced moneys from time to time to both Salvatore A. Pane and Louise L. Pane, his wife; that all moneys advanced were with the knowledge and acquiescence of the husband; that statements of the amounts were furnished to the husband, and that he executed the mortgages to secure the repayment thereof. The two mortgages were drawn by Pane's lawyer and were freely executed by Pane, one before a justice of the peace and one before the lawyer. The lawyer testified that Pane raised no objection as to the amounts or as to

the indebtedness, and that prior to the execution of the second mortgage Pane discussed including the entire amount in one mortgage, but that Kline refused to do so because the first mortgage was then in default. Pane and his wife were living together and were in business together at the time of the execution of the mortgages. They have since separated. In his testimony at the trial Salvatore A. Pane freely admitted the execution of both mortgages; that he was a business man familiar with business transactions, and acknowledged that he read the mortgages and knew the amounts and terms thereof. Although the second mortgage was made approximately one and one-half years after the first one, he still reaffirmed his indebtedness to plaintiffs. He does not even now deny that Kline advanced the sums claimed to Mrs. Pane, but after the foreclosure action was commenced, he asserted for the first time that the moneys advanced were gifts to his wife rather than loans. His testimony on the trial in that regard, if admissible at all, was simply that he had "heard" or "learned" that the payments were gifts. No other evidence of the actual nature of the transactions was presented. The fact that money, to at least the extent of the mortgages, had been paid by Kline to Mrs. Pane, stands undisputed. Testimony was given by a man and his wife, neighbors of Pane, that they overheard a conversation between Kline and Mrs. Pane in which he mentioned that he had made her gifts. They testified that their recollection of the conversation was "vague". There was no reference to the mortgages, and their testimony is of no value to establish fraud. Pane's testimony that he merely "learned" that what he thought were loans were gifts is insufficient to establish fraud and to overcome the presumption of indebtedness accompanying the execution of the two sealed instruments acknowledging the indebtedness, especially where the recipient of the alleged gifts stands in the position of admitting the loans and the indebtedness therefor. Since the counterclaim must fail for lack of proof, and the defendant Salvatore A. Pane admits the execution and delivery of the mortgages and the nonpayment thereof, there remains but the computation of the amount due on the mortgages and the entry of judgment in favor of the plaintiffs. Judgment reversed on the law and the facts, and the action remitted to the County Court for further proceedings, with costs. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.